[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'SMOTION FOR ARTICULATION
In this motion the defendant claims that the court has not articulated the grounds upon which it awarded damages for loss of use of the plaintiff's automobile.
Such facts were set out in great detail in the court's Memorandum of Decision dated May 17, 1993.
The court found as facts that the defendant's mechanic had CT Page 5433 inspected the car and found that the head on the car's engine had cracked internally, that the #2 cylinder did not work, it was NG, that the engine should be taken out of the car for further check on it, that a representative of the plaintiff's insurance company told the defendant to put new rings on the pistons and new bearings in, that the recommendations of the defendant's mechanics were not followed and that he thought it was improper not to do what he had recommended, that the car was returned to the plaintiff but immediately was brought back to the defendant's repair shop, that the second time the car was in the repair shop, the engine head was removed as was the oil pan, and the pistons were removed. This second time the car was in the defendant's repair shop the defendant found that the wrist pins and the pistons were bad. The work order required that a new head be installed as the head was NG. The work was done and the car was returned to the plaintiff 15 days after it went into the shop the second time. The court also found that 3 days afterwards the car was returned to the plaintiff. It was brought back to the defendant for a leak in the anti-freeze, to replace the water pump and the therm gasket. While the car was in the repair shop on this third occasion, a mechanic of the defendant damaged the car in its left rear. The car had to be held for an additional 28 days to repair this damage in a body shop.
The court finds as a fact that the car was held by the defendant unnecessarily for 61 days.
The court awarded the plaintiff damages for loss of use of the car based on the above facts. All of this was set out in detail in the Memorandum of Decision dated May 17, 1993.
The defendant's Motion for Articulation is denied because the court's basis for its ruling is fully set forth in that Memorandum of Decision.
THOMAS J. O'SULLIVAN, TRIAL REFEREE